UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Jesse-Lynn V. Gentlewolf,          :
                    Plaintiff,     :
                                   :
          v.                       :          File No. 1:07-CV-123
                                   :
Lars and Heidi Peterson,           :
Thomas Drilling and                :
Blasting Corp., Lexington          :
Insurance Co., G.A.B.              :
Robin's North America,             :
Inc., Ronald J. Hickey,            :
Donna Doyle, Michael               :
Restucci, Foreman Emile,           :
Jack ("John") Marsh,               :
Oliver Peterson and Huck           :
Peterson,                          :
                    Defendants.    :


OPINION AND ORDER
(Papers 30 and 37)

Plaintiff Jesse-Lynn Gentlewolf, proceeding *pro se*,
claims that her home was damaged by blasting performed on a
neighboring property. Defendant Lars Peterson has filed a
motion to dismiss claiming untimely service of process (Paper
30), and defendants Lexington Insurance Company and Donna
Doyle have moved to dismiss arguing failure to state a claim
under Rule 12(b)(6) (Paper 37). For the reasons set forth
below, Peterson's motion to dismiss is DENIED. Lexington
Insurance Company and Donna Doyle's motion is GRANTED,
although Gentlewolf is granted leave to re-plead her claims
against these defendants.

<u>Factual Background</u>

Gentlewolf's complaint alleges that in June 2004, employees of the Thomas Drilling and Blasting Corporation ("Thomas") conducted blasting on property owned by Lars and Heidi Peterson in Townsend, Vermont.  The purpose of the blasting was to clear granite from the site so that a house foundation could be poured.  Gentlewolf describes the Peterson property as being located on the same "shared ridge" as her own, and claims that the blasting caused significant damage to her home.

After Gentlewolf shared concerns about the blasting with workers at the Peterson site, a seismograph was set up in her home to measure the level of vibration.  On July 14, 2004, Thomas Vice President Ronald Hickey wrote and informed her that the readings were well within the "safe envelope."  Hickey's letter concluded that, based upon the seismograph readings and an inspection of Gentlewolf's home,

> the vibration levels, although perceptible at your residence, were not of the magnitude to cause concrete cracking.  The interior of the crack [in Gentlewolf's home] showed "white liming," consistent with water seepage over long periods of time.  Also the footing is poured on ledge with no frost protection . . . .  Based on my site observations and the data reviewed, we must deny your claim for alleged blasting damage.

An adjuster assigned to the case came to a similar conclusion in a letter dated September 30, 2004.

> Our inspection revealed that the damage sustained to
> your property is the result of the home settling and
> normal wear and tear to the home over time.
> According to the records obtained and reviewed from
> D & L Blasting Equipment the readings taken from the
> blasts were around .07.  This figure falls well
> below the 2.0 limit, which can cause serious damage
> to surrounding property.

(Paper 5-2 at 4).

Her claims having been denied, Gentlewolf now alleges
that there has been a conspiracy to hide records pertaining to
the blasting.  Specifically, she claims that despite her
requests for information, documents showing the amount of
explosives used have not been produced.  She also implies that
Hickey and the claims adjuster conspired to unfairly appraise
the damage to her home.  Id. at 7, 11.  Parties to the
conspiracy allegedly include "Thomas Drilling & Blasting
Corporation's various acting agents and agencies involved with
insurance liabilities . . . ."  (Paper 5 at 7).  Gentlewolf
brings her claims under the federal Racketeer Influenced and
Corrupt Organizations Act ("RICO") and 42 U.S.C. § 1983.

Discussion

I.  Untimely Service

Defendant Lars Anderson has moved to dismiss based upon
his untimely service.  The complaint in this case was filed on
June 1, 2007, and Gentlewolf was granted leave to proceed *in
forma pauperis*.  In its Order granting the *in forma pauperis*
application, the Court ordered that service be effected by the

3

U.S. Marshals Service. Waivers were issued for Lars Peterson on June 15, 2007, and again on January 15, 2008.

In August 2008, the Marshals made several attempts to personally serve Peterson. He was finally served on August 11, 2008. On August 27, 2008, Peterson moved to dismiss arguing that he had not been served within 120 days as required under Fed. R. Civ. P. 4(m), and that no "good cause or other legally sufficient justification" had been presented to account for the delay. (Paper 30-2).

When a Court grants a plaintiff *in forma pauperis* status and orders service by the Marshals, the plaintiff is entitled to rely on the Marshals to properly serve the summons and complaint. See Romandette v. Weetabix, 802 F.2d 309, 311 (2d Cir. 1986). So long as the plaintiff provides the Marshals with the information necessary to serve a defendant, the failure of the Marshals to effect service of process in a timely manner relieves the plaintiff of having to show "good cause" within the meaning of Rule 4(m). Stoenescu v. Jablonsky, 162 F.R.D. 268, 270 (S.D.N.Y. 1995). Here, Gentlewolf provided the Marshals with Peterson's name, his Vermont address and his permanent address. (Paper 5 at 3). Accordingly, the task of service rested with the Marshals, and the motion to dismiss due to untimely service (Paper 30) is DENIED.

## II. Failure to State a RICO Claim

Defendants Lexington Insurance Company and Donna Doyle, a Lexington Insurance employee, have moved to dismiss the claims against them for failure to allege the elements of a RICO claim. On a motion to dismiss under Rule 12(b)(6), the Court must accept as true the factual allegations in the complaint, and must draw all inferences in the plaintiff's favor. <u>See Allaire Corp. v. Okumus</u>, 433 F.3d 248, 249-50 (2d Cir. 2006). To survive dismissal, a complaint must plead enough facts to be plausible on its face. <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 188 (2d Cir. 2008) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007)).

To state a civil RICO claim, Gentlewolf "must plead seven elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." <u>Berk v. Tradewell, Inc.</u>, 2003 WL 21664679, at *11 (S.D.N.Y. July 16, 2003) (quoting <u>Moss v. Morgan Stanley, Inc.</u>, 719 F.2d 5, 17 (2d Cir. 1983)); <u>see also</u> 18 U.S.C. § 1962(a)-(c). She must further allege that "each defendant, by words or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose

5

of the RICO enterprise." <u>Colony at Holbrook, Inc. v. Strata,</u>
<u>G.C., Inc.</u>, 928 F. Supp. 1224, 1238 (E.D.N.Y. 1996) (internal
citation and quotation omitted).

The complaint in this case does not specify the form of
racketeering activity being alleged.  There is a general
reference to 18 U.S.C. § 1951 (Paper 5 at 12), which
authorizes prosecution of anyone who "obstructs, delays, or
affects commerce or the movement of any article or commodity
in commerce, by robbery or extortion or attempts or conspires
so to do, or commits or threatens physical violence to any
person or property in furtherance of a plan or purpose to do
anything in violation of this section."  18 U.S.C. § 1951(a).
Section 1951, however, is an exclusively criminal statute,
with no right of action for private citizens.  <u>See</u> <u>John's</u>
<u>Insulation, Inc. v. Siska Constr. Co., Inc.</u>, 774 F. Supp. 156,
163 (S.D.N.Y. 1991); <u>Peterson v. Philadelphia Stock Exch.</u>, 717
F. Supp. 332, 336 (E.D. Pa. 1989).

The essence of Gentlewolf's claim appears to be that the
defendants have "suppressed" documents relating to their
activities and have downplayed the damage to her home, thereby
committing a form of fraud.  (Paper 5 at 11).  In order to
plead a fraud claim under RICO, the complaint "must state with
particularity the circumstances constituting fraud or
mistake."  Fed. R. Civ. P. 9(b); <u>see</u> <u>Moore v. PaineWebber,</u>

Inc., 189 F.3d 165, 172 (2d Cir. 1999) (noting that the requirement in Federal Rule 9(b) that fraud allegations be pled with particularity applies to RICO claims for which fraud is the predicate illegal act).

The complaint in this case offers no specific allegations of wrongdoing by Lexington or Doyle. Indeed, the closest Gentlewolf comes to referencing Lexington specifically is when she asserts, in conclusory fashion, that "Thomas Drilling and Blasting Corporation's liability insurance should cover these damages." (Paper 5 at 12). She makes no specific claim that Lexington or Doyle were co-conspirators in a pattern of unlawful activity, and fails to assert the circumstances in which these two defendants committed fraud. Accordingly, she has failed to meet the requirements for pleading a valid RICO claim, and the motion by Lexington and Doyle to dismiss the claims against them (Paper 37) is GRANTED.[1]

The Second Circuit has urged that "when addressing a *pro se* complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Thompson v. Carter, 284 F.3d 411, 416 (2d Cir.

---

[1]  Although Gentlewolf also cites 42 U.S.C. § 1983, it is plain from the complaint that a § 1983 claim cannot be brought against Lexington or Doyle as they are not state actors. See Carlos v. Santos, 123 F.3d 61, 65 (2d Cir. 1997).

2002) (quoting <u>Branum v. Clark</u>, 927 F.2d 698, 705 (2d Cir. 1991)).  Here, a liberal reading of the complaint suggests that there may be additional facts that would satisfy the elements of a RICO claim, and that the inclusion of such facts, combined with more particular pleading as required under Rule 9, could survive a motion to dismiss.  Accordingly, the Court will grant Gentlewolf leave to amend her complaint for the purpose of curing the defects in her claims.  Failure to file an amended complaint within 30 days of the date of this Order will result in the dismissal of all claims against Lexington and Doyle with prejudice.

<u>Conclusion</u>

For the reasons set forth above, defendants Lars Peterson's motion to dismiss the complaint on the basis of untimely service of process (Paper 30) is DENIED.  The motion to dismiss submitted by Lexington Insurance Company and Donna Doyle (Paper 37) is GRANTED.  However, Gentlewolf may cure the defects in her claims against Lexington and Doyle in an amended complaint.  Failure to file an amended complaint within 30 days of the date of this Order will result in the dismissal of all claims against those two defendants with prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 10th day of December, 2008.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge