```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                     DISTRICT OF VERMONT
```

Jesse-Lynn V. Gentlewolf,                :
      Plaintiff,                    :
                                                  :
        v.                              :   File No. 1:07-CV-123
                                                  :
Lars Peterson, Heidi Peterson,           :
Thomas Drilling & Blasting Corp.,        :
Ronald J. Hickey, Foreman Emile,         :
and Jack ("John") Marsh,                 :
      Defendants,                   :

Lars Peterson,                           :
      Cross Claimant,               :
                                                  :
        v.                              :
                                                  :
Thomas Drilling & Blasting Corp.,        :
Ronald J. Hickey, Foreman Emile,         :
and Jack ("John") Marsh,                 :
      Cross Defendants.             :

<u>OPINION AND ORDER</u>
(Papers 50, 51, 53 and 59)

Plaintiff Jesse-Lynn Gentlewolf, proceeding *pro se*, claims that her home was damaged by blasting performed on a neighboring property. Pending before the Court are a series of motions to dismiss on the basis of Gentlewolf's failure to respond to discovery requests. Gentlewolf has opposed at least one of the motions, and has asked for extra time due to her medical condition. For the reasons set forth below, the motion for enlargement of time is GRANTED, and the motions to dismiss are DENIED without prejudice. Gentlewolf must respond

to all outstanding discovery within 30 days or her case will likely be dismissed with prejudice.

Factual Background

The facts alleged in the complaint have been set forth by the Court previously (Paper 40), and are largely repeated here.

Gentlewolf alleges that in June 2004, employees of the Thomas Drilling and Blasting Corporation ("Thomas") conducted blasting on property owned by Lars and Heidi Peterson in Townsend, Vermont. The purpose of the blasting was to clear granite from the site so that a house foundation could be poured. Gentlewolf describes the Peterson property as being located on the same "shared ridge" as her own, and claims that the blasting caused significant damage to her home.

After Gentlewolf shared concerns about the blasting with workers at the Peterson site, a seismograph was set up in her home to measure the level of vibration. On July 14, 2004, Thomas Vice President Ronald Hickey wrote and informed her that the readings were well within the "safe envelope." Hickey's letter concluded that, based upon the seismograph readings and an inspection of Gentlewolf's home,

> the vibration levels, although perceptible at your residence, were not of the magnitude to cause concrete cracking. The interior of the crack [in Gentlewolf's home] showed "white liming," consistent with water seepage over long periods of time. Also the footing is poured on ledge with no frost

> protection . . . .  Based on my site observations
> and the data reviewed, we must deny your claim for
> alleged blasting damage.

An adjuster assigned to the case came to a similar conclusion in a letter dated September 30, 2004.

> Our inspection revealed that the damage sustained to
> your property is the result of the home settling and
> normal wear and tear to the home over time.
> According to the records obtained and reviewed from
> D & L Blasting Equipment the readings taken from the
> blasts were around .07.  This figure falls well
> below the 2.0 limit, which can cause serious damage
> to surrounding property.

Her claims having been denied, Gentlewolf now alleges that there has been a conspiracy to hide records pertaining to the blasting.  Specifically, she claims that despite her requests for information, documents showing the amount of explosives used have not been produced.  She also implies that Hickey and the claims adjuster conspired to unfairly appraise the damage to her home.  Parties to the conspiracy allegedly include "Thomas Drilling & Blasting Corporation's various acting agents and agencies involved with insurance liabilities . . . ."  Gentlewolf brings her claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and 42 U.S.C. § 1983.

## Procedural Background

On August 14, 2008, defendants Thomas, Hickey, Perron and Marsh propounded written discovery requests to the Plaintiff. Having received no responses, and after making good faith

3

efforts to resolve the issue, they moved to compel. On February 26, 2009, the Court granted the motion to compel and ordered responses to be served on or before March 27, 2009.

When Gentlewolf failed to comply with this deadline, the defendants moved to dismiss pursuant to Fed. R. Civ. P. 37(b)(2)(c) and 41(b). They filed their first such motion in April 2009, and a renewed motion in June 2009. After the April motion was filed, Gentlewolf moved for a 60-day extension of time, citing medical problems that make it difficult for her to sit and write, as well as investigative work that allegedly needs to be performed. She also submitted an opposition to the motion to dismiss.

Defendant Lars Peterson sent discovery requests to Gentlewolf on March 11, 2009. When the Gentlewolf failed to respond, Peterson moved to compel. The Court granted his motion, and ordered that responses be provided on or before November 3, 2009. Gentlewolf has apparently missed this deadline as well, and Peterson has moved to dismiss under Rules 37 and 41.

## Discussion

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to respond to written discovery requests, the district court may impose sanctions. Fed. R. Civ. P. 37(d)(1)(A)(ii). The list of potential sanctions

provided in Rule 37 includes "dismissing the action in whole or in part." Id. at 37(d)(3), 37(b)(2)(A)(v). Dismissal of a *pro se* litigant's action may be appropriate "so long as a warning has been given that non-compliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994); see also Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (factors to be considered when contemplating appropriate sanctions include whether the non-compliant party has been warned of the consequences of noncompliance).

In this case, Gentlewolf has not yet been warned by the Court that her failure to participate in discovery might result in the dismissal of her case. Accordingly, dismissal is not warranted at this time. The defendants have not suggested a sanction other than dismissal with prejudice, and absent a specific request for alternative sanctions the Court declines to impose such sanctions at this time. Nonetheless, additional action by the Court is required.

Notwithstanding Gentlewolf's medical issues, her failure to comply with the Federal Rules of Civil Procedure and with Court-imposed deadlines is a matter of concern. While the Court will grant Gentlewolf's motion for enlargement of time, further violations of the Court's orders will not be tolerated. Indeed, in fairness to the defendants and to the

Court, discovery in this case must be answered so that the case can proceed.

Accordingly, Gentlewolf must respond to all outstanding discovery requests **on or before December 21, 2009**.[1] **Failure to comply with this deadline will likely result in the dismissal of this case with prejudice, and without further notice from the Court**.

## Conclusion

For the reasons set forth above, Gentlewolf's motion for enlargement of time (Paper 51) is GRANTED, and the defendants' motions to dismiss (Papers 50, 53 and 59) are DENIED without prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 20th day of November, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge

---

[1] Gentlewolf filed her motion for extension of time on April 22, 2009, and asked for 60 days. She has now had more than 60 days in which to work on her answers, so granting her an *additional* 30 days is, in effect, a longer extension than even Gentlewolf contemplated.